UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No. 24-CR-14010-GRAHAM

UNITED STATES OF AMERICA

v.

JOSEPH ACEVEDO and
STANLEY RUMOWSKI,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court originally on Defendant Stanley Rumowski's First Motion to Suppress Tangible Objects (Seized Contraband) (ECF No. 32) and Defendant Joseph Acevedo's Motion to Suppress Post-Arrest Statements and Suppress Evidence Recovered from the Search of Mr. Acevedo's cell phone. (ECF No. 35). The matter is now before the Court on the Magistrate Judge's Report and Recommendation. (R&R) (ECF No. 71). The Court also considers the Defendants' Objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 77,82).

**THIS MATTER** was initiated when Defendants Joseph Acevedo and Stanley Rumowski ("Defendants") were charged by Indictment with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). (ECF No.1). Both Defendants filed motions to suppress seeking to exclude all physical evidence seized from a warrantless search of the vehicle in which they were traveling. (ECF Nos. 32, 35). Defendant

Acevedo's motion further seeks to suppress all evidence stemming from his post-arrest statements and the search of his Galaxy S22 cell phone. (ECF No. 35). The Government opposes both motions. (ECF Nos. 37, 42).

The matter was assigned to the Honorable United States Magistrate Judge Shaniek Mills Maynard. (ECF No. 39). Upon consideration of the evidentiary record and the arguments of counsel, Magistrate Judge Maynard issued a R&R recommending that Defendants' motions to suppress be denied. (ECF No. 71). Thereafter, Defendants filed timely objections to Magistrate Judge Maynard's R&R. (ECF No. 77, 82). The matter is ripe for review. As set forth below, the Court ADOPTS the R&R.

## I.     DEFENDANTS' OBJECTIONS

Defendant Rumowski accepts the Magistrate Judge's findings of fact and law, except for the determination of trustworthiness and reliability of Government witness Deputy Sheriff Corley. (ECF No. 77). Specifically, Defendant Rumowski asserts that Deputy Sheriff Corley "was not particularly direct and straightforward in answering direct questions which should have subjected further concern about his accuracy and the trustworthiness of his testimony." *Id.*

Likewise, Defendant Acevedo objects to the Magistrate Judge's factual and legal rulings that he provided voluntary consent to search his cell phone and the officers search did not exceed the scope of permissible search. (ECF No. 82). Specifically, Defendant Acevedo objects to the Magistrate Judge's factual and legal findings, in section five (5) of the R&R, and he believes that the court's factual findings fail to consider the entire factual circumstances surrounding the signing of the consent form. *Id.*

## I.     DISCUSSION

The Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). With respect to a magistrate judge's credibility findings, "a district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007). "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible *only* when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" *Id.* (emphasis in original) (citing *U.S. v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).

"Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *U.S. v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). As a reviewing court only has the "cold record" before it, the reviewing court must "accord considerable deference to the credibility findings of the trial court." *U.S. v. Cooke*, 915 F.2d 250, 252 (6th Cir. 1990); see also *U.S. v. Shabazz*, 887 F.3d 1204, 1215 (11th Cir. 2018) (according "great deference to [a] district court's credibility determinations" on appeal when the district court agreed with a magistrate judge's credibility determinations). After a *de novo* review of the record, the Court finds no legal basis to disturb Magistrate Judge Maynard's credibility determinations. Accordingly, Defendants' objections are overruled.

## II. CONCLUSION

**THE COURT** has conducted a de novo review of the file and is otherwise fully advised in the premises. Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge Maynard Report is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety (ECF No. 71). It is further

**ORDERED AND ADJUDGED** that Defendant Rumowski's Objections (ECF No. 77) are **OVERRULED**. It is further

**ORDERED AND ADJUDGED** that Defendant Acevedo's Objections (ECF No. 82) are **OVERRULED**. It is further

**ORDERED AND ADJUDGED** that Defendant Rumowski's First Motion to Suppress Tangible Objects (Seized Contraband) (ECF No. 32) is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant Joseph Acevedo's Motion to Suppress Post-Arrest Statements and Suppress Evidence Recovered from the Search of Mr. Acevedo's cell phone (ECF No. 35) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of July 2024.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record